

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| A.S. HORNER, INC., | § | No. 08-18-00044-CV |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| RAFAEL NAVARRETTE, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2015DCV3144) |

**DISSENTING OPINION**

What utility would be had by a statute allowing the State and TXDOT, who merely maintain a highway overpass, to be liable for injury caused by construction of the overpass but allowing the contractor who actually constructed it to never be subject to liability? To me, such an interpretation of section 97.002 of the Texas Civil Practice and Remedies Code is unreasonable, and one must look no further than the plain language of the statute to see why this is so. For this reason, I must respectfully dissent.[1]

---

[1] In a companion case based on the same facts, Navarrette sought a bill of review against the State and TXDOT based on the same premises-liability and negligence claims he asserted against A.S. Horner here. *State v. Navarrette*, No. 08-18-00017-CV, at *1-2 (Tex. App. – El Paso March 19, 2021, no pet. h.). Although the trial court agreed that Navarrette was entitled to a bill of review, the majority in that case reversed the trial court's judgment and rendered a dismissal based on the rationale that Navarrette failed to prove his bill of review where there was no evidence that Appellants had actual notice of his claims under Texas Civil Practice and Remedies Code section 101.101. *Id*. at *10-11. I dissented from the majority's rationale because I would have instead held that Navarrette established TXDOT was subjectively aware of possible fault, even if, as a matter of policy, TXDOT did not take steps to investigate

At the outset, I must note that I have no disagreement with the majority's recitation of the material facts, nor its articulation of the governing legal principles of statutory construction listed in subjection B of the majority opinion. Simply, my disagreement lies only within the majority's application of those legal principles to section 97.002. I agree with Navarrette's interpretation of section 97.002 and would hold that the statute applies only in the context of active construction, rather than also applying to damage, injury, or death occurring after construction is completed.

As a refresher, I set out here the complete text of Texas Civil Practice and Remedies Code section 97.002 and highlight the two portions that Navarette underscores to support the interpretation of the statute that I would endorse:

> A contractor who **constructs or repairs** a highway, road, or street for the Texas Department of Transportation is not liable to a claimant for personal injury, property damage, or death **arising from the performance** of the construction or repair if, at the time of the personal injury, property damage, or death, the contractor is in compliance with contract documents material to the condition or defect that was the proximate cause of the personal injury, property damage, or death.

TEX. CIV. PRAC. & REM. CODE ANN. § 97.002. And while Navarrette places special emphasis on those two phrases, he also argues that this Court must consider the specific statutory language at issue while looking to the statute as a whole, rather than as isolated provisions. *See KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019).

Having set that groundwork, I first turn to the disputed phrase "arising from the performance" in section 97.002. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 97.002 (no liability for personal injury "arising from the performance of the construction or repair"). Citing to one of our sister intermediate courts and to a dictionary source, the majority concludes that "performance" encompasses both ongoing and completed construction because the common meaning of the word

---

Navarrette's accident after one of TXDOT's area engineers learned about it. *See State v. Navarrette*, No. 08-18-00017-CV, at *1-2 (Tex. App. – El Paso March 19, 2021) (Rodriguez, C.J., dissenting).

"performance" has no inherent temporal limitation and may refer to past as well as present performance. *See Liberty Surplus Ins. Corp. v. Exxon Mobil Corp*., 483 S.W.3d 96, 104 n.5 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also* Merriam-Webster's Collegiate Dictionary 920 (11th ed. 2014). I find no reason to disagree with the majority's rationale that the definition of "performance" can apply to both present and past acts. However, rather than immediately drawing a conclusion that "performance" must encompass both ongoing and completed construction for that reason alone, I would instead look to surrounding, contextual words in construing the statute as a whole. *See KMS Retail*, 593 S.W.3d at 183.

In construing the phrase "arising from the performance[,]" I observe that consideration of the immediately following words generates the phrase "arising from the performance **of the construction or repair** . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 97.002 (emphasis added). If the Legislature intended the plain language of this phrase to apply to both ongoing and completed construction and repair, it could easily have written "arising from the construction or repair"; however, the Legislature chose not to do so, and this Court must assume that it included the additional words "the performance of" to impart a certain, more limited meaning than concluded by our colleagues in the majority. *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("We read statutes contextually to give effect to every word, clause, and sentence . . . because every word or phrase is presumed to have been intentionally used with a meaning and a purpose.") (internal citation omitted); *TGS-NOPEC Geophysical Co v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (presuming that the Legislature "chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen"). Reading the phrase "arising from the performance of the construction or repair[,]" I believe the plain meaning of this phrase limits "performance" to only ongoing construction or repair. Had the Legislature

3

intended to adopt the broader, non-temporally limited definition of "performance," it would not have taken pains to add additional words to more clearly impart use of a limited definition of "performance" applying only to ongoing construction. Indeed, the Legislature has indicated an intent to use the word "performance" in such a manner – to mean only a contemporaneous "performance" – in other statutes, as well. *See* TEX. INS. CODE ANN. § 4102.002(2) ("This chapter does not apply to . . . an attorney engaged in the performance of the attorney's professional duties[.]").

Second, another portion of section 97.002 supports my view that, as used in the statute, "performance" refers to a contemporaneous construction or repair if we construe the statute as a whole. Consider the phrase "if, at the time of the personal injury . . . **the contractor is in compliance** with contract documents . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 97.002 (no liability for injury "if, at the time of the personal injury, property damage, or death, the contractor is in compliance with contract documents") (emphasis added). If the Legislature had intended the statute to encompass completed construction or repair, it could have more aptly written "the construction or repair is in compliance[,]" and such phrasing would, of course, encompass both ongoing and completed construction or repair. However, the phrasing actually enacted focuses on the state of the contractor, rather than the state of the construction or repair. Once a contractor completes a construction or repair, how (or why, for that matter) would contract documents dictate the actions of a contractor any longer? I believe that the specific use of the word "contractor" in this additional phrase shows the Legislature contemplated that section 97.002 would encompass only ongoing construction or repair.

Third and finally, I briefly turn to the majority's discussion on the phrase "constructs or repairs" in section 97.002. *See id.* I believe the Legislature could have easily written the phrase as

"constructed or repaired" if it clearly wanted to indicate its intention that, as a whole, section 97.002 applies to completed construction or repair. Nonetheless, I agree with my colleagues on the rationale that "constructs or repairs" is a restrictive clause that modifies the noun "[a] contractor" and does not so modify the later phrase "performance of the construction" as argued by Navarrette. But even adopting the majority's rationale on that phrase, it does not affect my view that the overall language in section 97.002 – when viewed together as a whole, as this Court is required to do – plainly indicates a clear intention by the Legislature that the statute applies only to active construction and not completed construction. *See KMS Retail*, 593 S.W.3d at 183 ("While we must consider the specific statutory language at issue, we must do so while looking to the statute as a whole, rather than as isolated provisions.") (internal quotation marks omitted).

Ultimately, the interpretation of section 97.002 adopted by my colleagues would allow contractors who constructed or repaired roadways to escape liability forever and until the end of time. As I see it, such an outcome defies sound Legislative sense, and it defies the plain language of the statute. For the foregoing reasons, I must respectfully dissent.


YVONNE T. RODRIGUEZ, Chief Justice

March 19, 2021

Before Rodriguez, C.J., Palafox, J., and McClure, C.J. (Senior Judge)
McClure, C.J. (Senior Judge), sitting by assignment


5